218 F.2d 535
 55-1 USTC P 9155
 Raymond K. DYKEMA and Estate of Albert W. Russell, Deceased,
Catherine R. Peck, Central National Bank of
Cleveland, and Raymond K. Dykema,
Executors, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 12012, 12013.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1954.
 
 Paul R. Trigg, Jr., and Raymond K. Dykema, Detroit, Mich., for petitioners.
 H. Brian Holland, Kenneth W. Gemmill, Ellis N. Slack, Robert N. Anderson, S. Dee Hanson, Daniel A. Taylor and John M. Morawski, Washington, D.C., for respondent.
 Before ALLEN, McALLISTER and STEWART, Circuit Judges.
 PER CURIAM.
 
 
 1
 This cause came on to be heard upon the record and briefs and oral argument of counsel;
 
 
 2
 And it appearing that petitioners in the taxable year 1947 paid in proportional shares $5,400 as attorneys' fee, which they deduction in full from gross income upon the ground that these amounts constituted non-business expenses paid for the production or collection of income;
 
 
 3
 And it appearing that the Tax Court found that a portion of the services rendered 'took the form of research and advice relating solely to petitioners' rights arising from their status as preferred stockholders' and was properly deductible in full from gross income;
 
 
 4
 And it appearing that the account for professional services rendered the petitioners September 22, 1944, to April 1, 1946, relied upon by the Tax Court as showing the nature of the services rendered by the attorneys includes the following substantial items which relate solely to petitioners' rights arising from their status as preferred stockholders:
 
 
 5
 Study of the corporate history of the various corporations now or formerly active in the McCord enterprises-- McCord Manufacturing Company, Inc., McCord Corporation, and two other corporations.
 
 
 6
 Study of the financial situation of the two principal corporations.
 
 
 7
 Examination of statutes of New York and cases decided in the New York courts in order to form an opinion as to whether dissolution of McCord Manufacturing Company, Inc., could be forced through court proceeding conducted whether through the Attorney-General of New York or independently. Similar examination of authorities in other jurisdictions as to the right to compel dissolution on general grounds and independently of statutes.
 
 
 8
 Preparation and submission to McCord interests of memorandum brief containing analysis of facts relevant to contest over dissolution and discussion of applicable law.
 
 
 9
 Review of legal authorities on question of whether petitioners or defendant corporation would bear expenses of involuntary dissolution proceeding if the same were successful.
 
 
 10
 And it appearing that the Tax Court also found that 'That conclusion that petitioners retained their attorneys for the sole purpose of effecting a disposition of their Manufacturing stock either by way of a dissolution suit or through a negotiated exchange of that stock for McCord common is inescapable';
 
 
 11
 And it appearing that these two findings of fact are inconsistent and, in part at least, irreconcilable:
 
 
 12
 It is ordered that the case be and it hereby is remanded to the Tax Court for further proceedings to determine what portion of the services rendered relates solely to petitioners' rights arising from their status as preferred stockholders and what portion is referable to the disposition or exchange of a capital asset.